IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLORIA ATLENE JONES  :
    Plaintiff
                                        :
v                                        Civil Case No. L-10-1267
                                        :
M.T.A. DEPT. OF TRANSPORTATION  :
    Defendant  :

o0o
**MEMORANDUM**

This is an employment discrimination case. Plaintiff Gloria Jones alleges that the Maryland Transit Administration ("MTA") failed to rehire her in retaliation for filing suit against it in 2004. Now pending is the Defendant MTA's Motion to Dismiss, or in the alternative, for Summary Judgment. Docket No. 12. The Court has reviewed the papers, and no hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2010). Because the Court finds that it lacks jurisdiction to consider Jones' claims, Defendant's motion will be GRANTED.

I.    **FACTUAL BACKGROUND**

Gloria Jones was employed by MTA as a bus driver from 1996 through 2000. Her employment was terminated following her arrest and conviction for driving while intoxicated. The DWI conviction added 12 points to Jones' Maryland driver's license. When Jones later failed to complete a mandatory Driver's Improvement Program, the Motor Vehicle Administration suspended her license.

1

Amalgamated Transit Union Local 1300 ("Union"), of which Jones was a member, contested her termination and argued on her behalf at an arbitration hearing on March 18, 2002. The arbitrator denied Jones' grievance and upheld MTA's decision to terminate her.

Soon after, Jones filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that she had been discriminated against because of her alcoholism. The EEOC dismissed the claim and issued a right-to-sue letter, and on May 10, 2004, Jones filed suit in this Court against MTA, the Union, and the arbitrator. Her complaint sought relief under the Americans with Disabilities Act, the Rehabilitation Act of 1973, the National Labor Relations Act, the Labor Management Relations Act, and the Federal Arbitration Act. On December 7, 2004, Judge Nickerson granted summary judgment in favor the defendants and closed the case.

In 2008, Jones applied for a part-time bus driver position with MTA. MTA sent her a letter informing her that, based on her previous employment record with MTA, she would not be given the job. In 2009, Jones applied for a "cleaner" position and a bus janitor position, and was similarly denied. Jones then filed a complaint with the Maryland Commission on Human Relations ("MCHR"), the agency charged with enforcement of the state's anti-discrimination laws. Her complaint alleged that MTA's refusal to rehire her constituted discrimination on the basis of her alcoholism. The MCHR declined to pursue the case, and Jones filed another EEOC complaint. The EEOC, adopting the MCHR's findings, likewise dismissed the complaint and issued Jones a right-to-sue letter on May 11, 2010.

On May 17, 2010, Jones filed the instant action. Her complaint alleges that MTA's decision not to rehire her was made in retaliation for the 2004 lawsuit discussed above. On July 1, 2010, MTA moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule

of Civil Procedure 12(b)(1), to dismiss for failure to state a claim pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment.

## II.     STANDARD OF REVIEW

When a Rule 12(b)(1) challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). When considering whether jurisdiction exists, the Court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id. However, the Court must apply the summary judgment standard, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Id. The movant will prevail if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. Id.

## III.    DISCUSSION

The Court reads Jones' complaint as a retaliation claim brought under the Americans with Disabilities Act ("ADA"). See 42 U.S.C. § 12203(a). The ADA incorporates the procedural requirements of the Civil Rights Act of 1964, see 42 U.S.C. §12117(a), which means that exhaustion of administrative remedies is a prerequisite to suit in federal court. Talbot v. U.S. Foodservice, Inc., 191 F. Supp. 2d 637, 639 (D. Md. 2002).

Jones has failed to satisfy this requirement because her EEOC charge did not address the alleged retaliation that is the foundation of her complaint in this case. In considering whether administrative remedies have been exhausted, a plaintiff is not limited to the precise wording of

her EEOC charge, but may litigate all claims uncovered in a reasonable EEOC investigation of that charge. Id. The suit filed, however, "may encompass only the discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge." Id. at 640 (quoting King v. Seaboard Coast Line R.R. Co., 538 F.2d 581, 583 (4th Cir.1976)).

The EEOC right-to-sue letter submitted with Jones' complaint identifies her charge number as 12F-2008-00664. The Charge of Discrimination for case 12F-2008-00664, submitted by MTA as an exhibit to its motion to dismiss, alleges only discrimination on the basis of a disability. It makes no mention of retaliation, nor is the "retaliation" box checked. It is well established that an investigation of retaliation cannot be expected to follow a charge of discrimination, and that therefore a plaintiff may not bring a suit alleging retaliation if such allegations were not included in the EEOC complaint. See Bryant v. Bell Atlantic Md. Inc., 288 F.3d 124 (4th Cir. 2002) (finding that an investigation of retaliation could not be expected to occur based on race discrimination claim and dismissing retaliation claim for failure to exhaust administrative remedies); Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 149 (4th Cir.1999) (finding no exhaustion of retaliation claim where plaintiff checked only the box for age discrimination and did not mention retaliation except in post-charge letter to EEOC); Lyon v. Bell Atlantic Corp., 2001 WL 826580, at *5 (D.Md.2001) (finding no administrative exhaustion where plaintiff had not checked the box for retaliation and did not mention retaliation in the charge narrative). Jones has therefore failed to exhaust her administrative remedies with regard to a charge of retaliation, and consequently she may not bring suit on that basis.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction to consider Jones' claims and will, by separate Order of even date, GRANT Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. (Docket No. 12).

Dated this 2nd day of December, 2010.

/s/
_____
Benson Everett Legg
United States District Judge